*435 OPINION.
Van Fossan:
The first two issues are based on the same principle and may be considered together. The respondent has disallowed the item of $43,211.79, representing a loss claimed by the petitioner in connection with the operation of its dining room by the Waldorf Catering Company. The respondent’s action is based on the theory that the contract dated November 22, 1918, between Foard, Severcool and Edmonds and the Waldorf Catering Company was entered into by Severcool and Edmonds in their individual capacity and not as officers or agents of the petitioner. The evidence discloses unquestionably that this conclusion is erroneous. By their signatures to the document Severcool and Edmonds intended to obligate petitioner as a corporation, with secondary liability on themselves as guarantors. The testimony to that effect is amply corroborated.
The Foard Cafeteria and the Hotel Waldorf dining room had been conducted previously for many months as a joint enterprise under a verbal contract between Foard and the petitioner. From the inception of that contract in November, 1917, until the notice of termination dated April 1, 1920, all parties thereto recognized that it was not an agreement with Severcool and Edmonds individually but was the obligation of the petitioner and they so treated it. Furthermore, the actions of the petitioner, subsequent to November 22, 1918, exhibit not only a passive acquiescence and admission of its *436 obligations under the contract, but also an active ratification and confirmation of its participation in the rights and privileges enjoyed thereunder.
The item of $43,211.79 consisted of charges for unpaid rent of space used by the Catering Company, together with amounts advanced by petitioner for salaries, supplies and other expenses, none of which items could be collected by petitioner due to the insolvency of the Catering Company. Having ascertained the debt to be worthless, petitioner properly charged it off in 1919. The second item of $4,956.29 charged off in 1919 also arose from petitioner’s obligation under its contract with Foard. It represented payments by petitioner on account of replacements of equipment. Both sums of $43,211.79 and $4,956.29 should be allowed as deductions in the year 1919.
The third issue relates to the valuation of the leasehold covering the improved and enlarged Hotel Waldorf, which Severcool and Edmonds sold to the petitioner on February 19, 1917. We have found that that lease was worth at least $200,000. For the purposes of invested capital and depreciation, the value of $200,000 for the Hotel Waldorf leasehold may be taken as a basis of computation as of February 19, 1917.
The fourth issue,' relating to special assessment, will be automatically disposed of by the allowances herein made.

Judgment will be entered under Bule 50.